Beth BROOKS, Claimant/Appellant,

v.

MICHAEL G. CORREALE DENTISTS, LLC, and Division Of Employment Security, respondents.

No. ED 81427.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 15, 2002.

Beth Brooks, Fredericktown, pro se.

Michael G. Correale, Park Hills, MO, respondent Pro Se.

Larry R. Ruhmann, St. Louis, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

Beth Brooks, the claimant, appeals the decision of the Labor and Industrial Relations Commission denying her unemployment compensation benefits. Respondent Division of Employment Security has filed a motion to remand the case to the Commission. Because we find the claimant was unreasonably denied her right to participate in a hearing at the Appeals Tribunal, we sustain the Division's motion to remand. We reverse the Commission's decision and remand this matter to the Commission with orders to hold a hearing before an appeals referee of the Division.

The claimant quit her employment with her employer, Michael B. Correale Dentists, L.L.C., on February 4, 2002. She applied for unemployment benefits and Dr. Correale filed a letter of protest. A deputy determined that the claimant had voluntarily quit her job with Dr. Correale, but did so with good cause attributable to her work or employer, specifically, Dr. Correale's mistreatment of her. Dr. Correale filed an appeal to the Appeals Tribunal. A telephone conference was scheduled for April 23, 2002.

On that date, the appeals referee called the claimant so that she could offer her evidence at the telephone hearing. The claimant explained that she was on her cell phone because she got called into work at her new job. The following discussion was held:

> [APPEALS REFEREE]: Okay, I realize you're traveling right now to work, is that correct?
>
> [CLAIMANT]: Yes.

[APPEALS REFEREE]: Are you in the car right now?

[CLAIMANT]: Yes.

[APPEALS REFEREE]: Okay I prefer not to do this this way, do you have a chance to pull over.

[CLAIMANT]: Oh, no.

[APPEALS REFEREE]: Okay I'm not going to hold your hearing then with you on the cell phone. I think it is bad policy to be on a cell phone driving and conducting business at the same time. Okay. If you'll hang up please. This hearing will go on without you and you will get a written decision in the matter and I've made that a record on the tape. Okay. Please hang up.

The referee then continued the hearing with Dr. Correale, stating that his decision to cut off claimant was his "own personal preference." He again stated that he "elected not to take [claimant's] participation as I felt it was a hinderance (sic) to the—to the traffic conditions if she was conducting a cell phone call as well as trying to participate in this issue and so I asked her to disconnect."

The appeals referee issued a decision reversing the deputy's determination and disqualifying the claimant from unemployment benefits. The referee concluded that the claimant had failed to meet her burden of showing that her voluntary leaving was with good cause, because she did not participate in the hearing. The claimant appealed to the Commission, which affirmed the decision of the Appeals Tribunal. The claimant now appeals to this Court.

Respondent Division has filed a motion to remand the case to the Commission for a hearing before an appeals referee. The Division concedes that the claimant was improperly denied her right to a hearing when the referee disconnected her from

the hearing when he learned she was on a cell phone while driving. We agree.

The standard of review for unemployment matters is governed by section 288.210, RSMo 2000. Under that standard, this Court may:

> modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the decision was procured by fraud;
>
> (3) That the facts found by the commission do not support the award; and
>
> (4) That there was no sufficient competent evidence in the record to warrant the making of the award.

Section 288.190.2, provides that the conduct of hearings before the appeals tribunal shall be in accordance with division regulations. None of the current regulations deal with cell-phone calls, although there is a regulation for telephone hearings. The current regulation, 8 C.S.R.10–5.030, provides that telephone hearings may be conducted where it is impractical for the interested parties and witnesses to appear at the same location for a hearing. No mention is made of whether such hearings must be on land-based telephones or whether cell phones are acceptable. A new regulation proposed to take the place of 8 C.S.R. 10–5.030, but which has not yet been adopted, addresses the use of cell phones at hearings. It implicitly recognizes the use of cell phones, while noting that technical difficulties in the use of cell phones will not be a reason for the hearing to be rescheduled. 8 C.S.R. 10–5.030 (filed April 30, 2002).

. Here, the claimant was using a cell phone because she was on her way to work at her new job, a circumstance that the Division should endorse. In addition, the appeals referee recognized that he was terminating the cell phone call based on his own personal preference, and not based on any statute or regulation. After preventing the claimant from participating in the hearing by cell phone, the appeals referee then denied her unemployment benefits because she had not met her burden of proof at the hearing. Such an anomaly cannot be upheld. Moreover, the Division concedes that the referee acted on his own and not pursuant to any Division policy. While there may be a worthwhile national debate about the safety of using a cell phone while driving, there is neither a law nor a regulation in Missouri that prevents it.

The notice of telephone hearing sent to the parties does instruct them to call a toll-free number and leave a number where they can be reached and states, "No cellular phone numbers accepted." The Division asserts that the instruction in question is not a mandatory directive authorized by statute or regulation. We agree. Neither statute nor regulation prohibits the use of cell phones. In addition, the appeals referee allowed the claimant to participate in the hearing while on a cell phone. His basis for denying her participation was not that she was using a cell phone, but instead, that she was using a cell phone while driving and his "personal preference." The claimant had a right to participate in the hearing and offer evidence to support her claim. 8 C.S.R. 10–5.015(11)(B)(2). The record shows she was ready, willing, and able to participate in the hearing. The referee's decision to exclude her from the hearing because she was on a cell phone while driving is unreasonable under the circumstances.

We sustain the Division's motion to remand this case to the Commission. We

reverse the Commission's decision and remand the case to the Commission for a rehearing before an appeals referee of the Division of Employment Security.

LAWRENCE G. CRAHAN and ROBERT G. DOWD, JR., JJ., concur.